**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **OSWALD WILLIAMS,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**SJS 39 AVENUE PARKING LLC**,<br>　d/b/a SJS Valet Parking,<br>**FHIAN-JOUNG ("SAM") CHEN,**<br>an individual, and<br>**STEVE CHEN,** an individual<br><br>　　　　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. For a little less than a year, Plaintiff Oswald Williams worked for Defendants' parking garage as a parking attendant. During this time, despite working sixty hours per week, he was paid much less than minimum wage.

2. To challenge this and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants SJS 39 Avenue Parking LLC, d/b/a SJS Valet Parking, Fhian-Joung "Sam" Chen, an individual, and Steve Chen, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law. (hereinafter, "NYLL").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' parking garage located at 135-10 39th Ave, Queens, NY 11354 and the Defendants named herein reside in this district.

## PARTIES

**Defendant SJS 39 Avenue Parking LLC**

6. Defendant **SJS 39 Avenue Parking LLC** d/b/a SJS Valet Parking (hereinafter "SJS Parking") is a New York corporation doing business within Queens County, whose principal place of business is located at 135-10 39th Ave, Queens, NY 11354. Its DOS Process agent is listed with the NYS Department of State as SJS 39 Avenue Parking LLC with an address of 41 Red Brook Road, Kings Point, NY 11024.

7. Defendant SJS 39 Avenue Parking LLC operates a parking garage located on a corner lot with addresses of 135-10 39th Ave and 39-07 Prince St. in Flushing (Queens), New York 11354.

8. The individual Defendants also own other properties and businesses in the real estate and property ownership industry. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 2

business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC § 203(r).

9. At all relevant times, Defendant SJS Parking and/or the enterprise of which it is a part had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant SJS Parking was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant SJS Parking was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Individual Defendants**

12. Defendant Fhian-Joung ("Sam") Chen, an individual, resides in Great Neck, New York, upon information and belief.

13. Defendant Steve Chen, an individual, resides in Great Neck, New York, upon information and belief.

14. Defendant Sam Chen is the father of Defendant Steve Chen.

15. Defendant Sam Chen has an ownership interest in and/or is a shareholder of SJS Parking.

16. Defendant Steve Chen has an ownership interest in and/or is a shareholder of SJS Parking.

17. Defendant Sam Chen is one of the ten largest shareholders of SJS Valet Parking.

18. Defendant Steve Chen is one of the ten largest shareholders of SJS Valet Parking.

19. At all times material to this action, both individual Defendants actively participated in the business of the corporation.

20. At all times material to this action, Defendants exercised substantial control over the functions of the company's employees including Plaintiff.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 3

21. More specifically, both individual Defendants have the authority to hire and fire employees of SJS Parking, set their rates of pay, and control and direct their day-to-day activities.

22. At all times material to this action, both individual Defendants were also "employers" of the Plaintiff, as defined by § 203(b) of the FLSA and NYLL.

**Plaintiff Oswald Williams**

23. Plaintiff Oswald Williams is a resident of Queens, New York.

24. Oswald worked for SJS Parking as parking attendant from June 1, 2020 to April 4, 2021.

25. At all times material to this action, Oswald was an "employee" within the meaning of 29 U.S.C. § 203(e).

26. Oswald's primary supervisor was initially Sam Chen and later Steve Chen as well.

27. While working in this capacity, Plaintiff was not expected to record his time.

28. He generally worked four all-day shifts a week, from 8:00 A.M. to 11:00 P.M. (15 hours per day), which is 60 hours per week.

29. He did not get *bona fide* meal breaks because he had to stay on site throughout the entirety of his shifts.

30. For this work, the Defendants paid him very little: $165 a week from June 1, 2020 to December 13, 2020; $250 through the end of January 2021; then sporadic payments of $500, $800, and $1575. He received, in total, $9,245.

31. Plaintiff's rate of pay was inconsistent and below the minimum wage.

32. When he worked over 40 hours in a week, he was not paid overtime.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 4

# LEGAL CLAIMS

## As And For A First Cause of Action:
## FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Minimum Wage*

34. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

### *Failure To Pay Time Overtime Properly*

35. Defendants failed to compensate Plaintiff at a rate of one and one half times his regular rate for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Record-Keeping Failures*

36. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

37. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

38. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

39. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 5

overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

40. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

41. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

42. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

43. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

44. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Provide Break Time*

45. Plaintiff was employed in or in connection with Defendant's "mercantile or other establishment."  Plaintiff worked a shift of more than six hours extending over the noon

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 6

day meal timeframe (i.e. between 11:00am and 2:00pm). Defendant failed to provide Plaintiff at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

46. Plaintiff worked a shift starting before 11:00 A.M. and ending later than 7:00 P.M. Defendant failed to provide Plaintiff an additional meal period of at least twenty minutes between 5:00 P.M. and 7:00 P.M., in contravention of NYLL § 162(3).

47. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

### *Failure to Provide Pay Stubs and Wage Notices*

48. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

49. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

50. At all relevant times, Defendants g failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 7

51. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

52. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

53. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid minimum wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action: CONVERSION

54. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

55. By paying Plaintiff so little for his many hours of work, Defendants have committed theft of services, and conversion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 8

(C)     Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142;

(E)     Award Plaintiff appropriate conversion damages;

(F)     Award Plaintiff interest;

(G)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **5th** day of **January 2022.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Williams v. SJS Valet Parking*
USDC, Eastern District of New York

Complaint
Page 9